OPINION OF THE COURT
Ormand N. Gale, J.
This is an appeal by the People from four orders of the Syracuse City Court dismissing in the interest of justice the informations charging the defendants herein with the crime of nonsupport of a child. These orders of dismissal were based upon a joint decision of the Syracuse City Court (Falco, J.; Fahey, J.; Bersani, J.) dated July 7, 1980 (105 Mise 2d 877). Based on the following, this court now reverses this decision, reinstates the informations and remands these cases for further proceedings in accordance with this memorandum.
Richard Boyer was charged with failure to support his child, Richard A. Boyer, Jr., for the period of December 1, 1978 through August 1, 1979. In 1972, Family Court had ordered him to make support payments, and in September, 1977, he was ordered to pay $20 per week in support of his child. In December, 1978, this order was modified to $25 per week. During the time he failed to make his support payments, Boyer was employed by the Syracuse Model *932 Neighborhood Facility. His gross salary for the period in question (Dec. 1, 1978 — Aug. 1,1979) was approximately $3,500, and he owed approximately $800 in support payments for that period.
Eugene Black was charged with failure to support his child, May Frances Johnson, for the period of September 12,1976 through April 30,1978. He was employed by Cast-O-Matic and Chrysler Corporation during the period in question and earned approximately $20,000, while failing to make his support payments. Family Court had entered an order of filiation requiring him to make support payments of $20 per week in 1974. On April 2,1975, Black was held in contempt and incarcerated for 30 days for his failure to comply with a prior Family Court order. On April 14, 1975, Family Court ordered him to make weekly support payments of $10. On October 26, 1979, Family Court vacated its previous support order during the pendency of the instant criminal case. He owed a balance of approximately $595 in support payments as of April 30, 1978, having paid $265 during the period in question (Sept. 12, 1976 — April 30, 1978).
Fred O. T. Agyeman was charged with failure to support his child, Bianca Agyeman, from August 1, 1978 through March 31, 1979. During the period in question he was employed by the Herald Journal and Community General Hospital. He failed to pay approximately $640 in Family Court ordered support payments for the period in question and a wage order was entered against his salary. He had previously filed a motion to dismiss this charge on November 20,1979. However, Judge Bersani, in a decision dated December 10, 1979, not only denied his motion to dismiss in the interest of justice but also denied his challenge to the application of the instant statute.
Robert Brown was charged with failure to support, at the rate of $22.50 per week, his child, Ivy Brown, from January 1, 1978 through May 31, 1979. During this period, he was employed by Rochester Gas and Electric, and earned over $1,900 per month. In 1973, Family Court ordered support payments of $22.50 per week and while the order was modified in 1974, respondent owed approximately $1,600 *933 in support payments at the time criminal charges were filed.
The defendants each attempted to have the lower court dismiss the instant informations in the interest of justice pursuant to CPL 170.40. Under this statute, the court must find “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” (CPL 170.40, subd 1.) Such a dismissal “must rest upon a ‘sensitive balancing’ of the interests of the individual and the State” (People v Kwok Ming Chan, 45 AD2d 613, 616). The court’s discretion is not absolute (People v Wingard, 33 NY2d 192, 196), and should be undertaken sparingly. (See People v Fagg, 86 Misc 2d 1046, 1048.)
In order for the court to dismiss in the interest of justice, it must examine individually and collectively the enumerated factors discussed in CPL 170.40 (subds [a]-[j]).
The court’s discussion of the dismissal in the interest of justice clearly gives reasons for its decision. However, these reasons are neither of such a nature nor magnitude as to rise to the level of a Clayton dismissal (41 AD2d 204).
Additionally, defendant Agyeman’s motion to dismiss in the interest of justice was previously denied by Judge Bersani. Each case must be decided on its merits according to the enumerated factors. A court cannot use the vehicle of a Clayton dismissal to rid itself of all nonsupport cases. Only if the individual circumstances warrant dismissal can the court use that route.
The court below, in its joint decision, discussed many aspects of section 260.05 of the Penal Law (nonsupport of a child), including a lengthy discussion of whether criminal court is the proper forum for these cases. The court cannot use itself as a springboard for legislative reform. The Penal Code includes nonsupport of a child and it is the prerogative of the District Attorney to prosecute people who fail to support their children under this statute. It is not within the province of the trial court to determine that all nonsupport cases are to be handled by Family Court. If the Legislature sees fit to make this change, then the courts *934 can judicially enforce the laws as written. Until that time, the courts must abide by the statutory scheme as it is now enacted and await legislative change patiently.
Because the court failed to state any compelling factor, consideration or circumstance that mandates a dismissal in the interest of justice, it was an abuse of discretion for the lower court to dismiss in the interest of justice all four informations. The informations are therefore reinstated and these cases are remanded for further action in accordance with this decision.