OPINION OF. THE COURT
Gloria Goldstein, J.
Defendant Billy Shiu Yan Yee moves for an order dismissing the indictment against him in the interests of justice, pursuant to CPL 210.20 (subd 1, par [i]) and 210.40, and on the ground that the prosecution of the indictment is *516 barred by reason of a previous prosecution, pursuant to CPL 210.20 (subd 1, par [e]) and 40.20.
FINDINGS OF FACT
On the basis of motion papers, answering affidavits, a hearing, a certified copy of the Criminal Court record, and tape recordings of two conversations between the defendant and an Assistant District Attorney, the court makes the following findings of fact.
In early September, 1981, the police raided a social club in Brooklyn and arrested several men for, inter alia, possession of narcotics and a weapon. The day after the arrests, defendant Billy Yee called an Assistant District Attorney, with whom he had a first-name-basis acquaintance, to ask her advice. Defendant Yee, who had cooperated with this Assistant District Attorney in an unrelated investigation, informed her that he, and not the man whom the police had arrested and charged with possession of the weapon, owned the gun which the police had recovered. He told the assistant that he had bought the gun the day before the raid to protect himself from gang threats and that he had left the gun in the social club. He asked the assistant what he should do to prevent his friend from being wrongfully prosecuted for gun possession.
In two lengthy telephone conversations, the second of which the assistant tape recorded without defendant Yee’s knowledge, defendant repeatedly sought the assistant’s legal advice about the best course of conduct for him to take to protect his friend. Although she reminded him that she was a prosecutor and that he was confessing to the serious crime of criminal possession of a weapon, at no time during the calls did the assistant advise the defendant to stop talking and get a lawyer. In fact, she led him on by repeatedly suggesting that the defendant could best help himself by telling her where he got the gun.
At the end of the second call, the assistant advised defendant Yee to turn himself over to the police, which he did. The police prepared a felony complaint charging defendant with criminal possession of a weapon in the third degree, a class D felony (Penal Law, § 265.02).
*517 At his Criminal Court arraignment on September 5, 1981, defendant Yee’s attorney moved for a reduction of the felony charge against defendant on the ground that the felony complaint included no allegation that the gun was loaded. The court granted the motion, reducing the charge against defendant Yee to criminal possession of a weapon in the fourth degree, a class A misdemeanor (Penal Law, § 265.01) and adding a charge of disorderly conduct (Penal Law, § 240.20). The yellow back on the file — signifying a felony case — was replaced with a blue back — signifying a misdemeanor case. The Criminal Court Judge himself made the notation on the blue back of the new charges against defendant. The Assistant District Attorney representing the People at the arraignment did not move to amend the complaint nor did he object to the reduction of the gun possession charge to a misdemeanor or to the addition of the disorderly conduct charge.
On September 21, 1981, following a Bench conference, defendant Yee pleaded guilty to disorderly conduct (Penal Law, § 240.20) in full satisfaction of the charges against him and was given a conditional discharge. The assistant representing the People at this appearance also made no objection or exception to this disposition of the case.
Three weeks later, on October 16, 1981, the Grand Jury issued an indictment charging defendant with the felony offense of criminal possession of a weapon in the third degree (Penal Law, § 265.02). Defendant seeks an order dismissing this indictment on the ground that his plea and sentence in Criminal Court terminated the prosecution against him and foreclosed a second prosecution for the same offense.
The People argue that the prohibition against double jeopardy does not bar a second prosecution by indictment in this case because defendant’s guilty plea in Criminal Court was unlawful and thus a nullity. Relying on a proviso in CPL 180.50 (subd 2, par [b]; see infra), the People claim that the Criminal Court had no authority to reduce the felony gun possession charge against defendant to a misdemeanor and that the Criminal Court, without such a reduction, had no jurisdiction to accept a guilty plea because the offense charged was a felony (CPL 10.30).
*518 The People also argue that because the minutes of defendant’s Criminal Court arraignment do not reflect a motion and order, the addition of the disorderly conduct charge was improper and the court could not accept a guilty plea to that charge.
CONCLUSIONS OF LAW
New York’s statutory protection against double jeopardy is set forth in CPL article 40. This article provides that “[a] person may not be twice prosecuted for the same offense” (CPL 40.20, subd 1). A person Is “ ‘prosecuted’ for an offense” when he or she is charged with the offense in an accusatory instrument and when the action terminates in a conviction upon a plea of guilty or proceeds to the trial stage and a jury has been impaneled or sworn (CPL 40.30, subd 1). A person is not considered to have been prosecuted for an offense if the court lacked jurisdiction over the defendant or the offense (CPL 40.30, subd 2, par [a]).
 There is no question that an unlawful guilty plea is null and therefore does not bar a second prosecution for the same offense (People v Bartley, 47 NY2d 965). If the Criminal Court had lacked jurisdiction to accept defendant Yee’s plea or if the plea had violated any statute, then the plea and sentence would not bar this prosecution by indictment. This court finds, however, that the Criminal Court properly reduced the felony charge against defendant to a misdemeanor, properly added the charge of disorderly conduct, and accepted a valid plea of guilty to disorderly conduct (Penal Law, § 240.20) in satisfaction of the misdemeanor gun possession charge.
Accordingly, the statutory and constitutional prohibitions against multiple prosecutions for the same offense bar the prosecution of defendant Yee by this indictment and the indictment must be dismissed. In addition, the court finds that the Assistant District Attorney’s conduct during the telephone conversations with defendant verged so close to the unethical that the interests of justice also mandate dismissal.
CPL 140.45 authorizes the Criminal Court to dismiss a misdemeanor or felony complaint and discharge the defendant if the complaint is not sufficient on its face and “if the *519 court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face”. In order for a felony complaint charging an armed felony to be sufficient on its face, the accusatory part of the complaint must designate the offense as an armed felony, and “the factual part of the instrument must allege facts of an evidentiary character supporting or tending to support such designation” (CPL 100.15, subd 4; 100.40, subd 4). In addition, the allegations of the factual part of the complaint must “provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of [the complaint]” (CPL 100.40, subd 4).
The accusatory part of the felony complaint filed against defendant Yee charged defendant with the commission of the offense of criminal possession of a weapon in the third degree. The Penal Law defines that offense as “[possession of] any loaded firearm” (Penal Law, § 265.02, subd 4; emphasis added).
The factual part of the complaint stated that defendant Yee had informed the deponent Detective Gardell that on September 4, 1981 at about 1:20 p.m., he “was in knowing and unlawful possession of a .25 caliber auto Serial Number 845317 gun recovered.” This statement fails to allege an essential element of the felony offense with which defendant was charged — that the gun was loaded.
The omission of any allegation of this fact certainly rendered the felony complaint insufficient on its face and allowed the court to dismiss it, particularly in light of the fact that the People never moved to amend the factual part of the complaint, did not offer the court any evidence to supplement the insufficient allegations, and did not object to the court’s decision to dismiss the felony complaint.
Since, however, the possession of even an unloaded gun constitutes the misdemeanor offense of criminal possession of a weapon in the fourth degree (Penal Law, § 265.01), the factual allegations were sufficient to sustain a misdemeanor complaint. Thus, the Criminal Court could not discharge the defendant but could replace the felony complaint with a misdemeanor complaint. The court did *520 exactly that, and thus properly reduced the charge against defendant to a misdemeanor.
The People claim that the court could not accept a plea of guilty to disorderly conduct in satisfaction of the misdemeanor gun possession charge against defendant because the minutes of defendant’s arraignment do not reflect the addition of the disorderly conduct charge. This court rejects the People’s argument and finds that the charge was added pursuant to motion at the Bench.
Court proceedings are accorded a presumption of regularity (see Richardson, Evidence [10th ed], § 72; People v Rosello, 97 Misc 2d 963). In this case, the presumption is augmented by the evidence that the arraignment court had replaced the yellow file back with a blue back and that the Judge himself noted the charges against defendant as sections 265.01 and 240.20 of the Penal Law at a Bench conference. Given this evidence, the court reporter’s failure to record the addition of the charge of disorderly conduct (Penal Law, § 240.20) is certainly not enough to render the addition improper or the proceeding irregular.
The People also argue that the Legislature of this State has mandated that offenses involving firearms must be presented to a Grand Jury and may not be disposed of by pleas in lower courts. They claim that CPL 180.50 (subd 2, par [b]) absolutely curtails the power of a local criminal court to reduce gun possession charges to nonfelonies.
This court does not find the People’s contention regarding the extent of the restriction imposed by CPL 180.50 (subd 2, par [b]) persuasive inasmuch as what was before the Criminal Court was a complaint which failed to allege an armed felony offense and was therefore patently defective.
CPL 180.50 sets forth a procedure by which a criminal court may, with the District Attorney’s consent, “take inquiry” in order to determine whether the facts and evidence relating to a defendant’s conduct are such that the charge should be reduced from a felony to a nonfelony offense (CPL 180.50, subd 1). The statute includes the proviso that the court “may not order such reduction where there is reasonable cause to believe that the defendant committed * * * any armed felony as defined in subdivi *521 sion forty-one of section 1.20.” (CPL 180.50, subd 2, par [b]). Criminal possession of a weapon in the third degree (Penal Law, § 265.02) is such an armed felony (CPL 1.20, subd 41; Penal Law, § 70.02, subd 1, par [c]; § 265.02).
CPL 180.50 was enacted in 1970 to permit Criminal Court Judges to reduce felony charges to lesser offenses when “[t]he complaint itself and the surrounding circumstances suggest to the court that a charge of felony is not warranted and, if anything, some offense of less than felony grade should be charged.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.50, p 69; emphasis added.) The legislative intent was to provide a procedure to “avoid cluttering up the grand juries and the superior courts with cases which really belong in the local criminal courts” {id., at p 70). While the District Attorney must consent to the inquiry itself and to any reduction where there is reasonable cause to believe that the defendant committed both felony and nonfelony offenses, the District Attorney’s consent to a reduction is not required where the court finds no basis in the complaint and the surrounding circumstances for charging the defendant with a felony at all (ibid.).
The proviso to CPL 180.50 (subd 2, par [b]) was enacted in 1978 as part of the omnibus violent crime control bill (Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 180.50, 1981-1982 Supp Pamphlet, p 58). It curtails the criminal court’s power, after inquiry, to reduce an armed felony to a nonfelony when “there is reasonable cause to believe the defendant committed [the armed felony]” (id., p 58).
This court understands that the Legislature in enacting the 1978 omnibus violent crime control bill sought, among other goals, to curtail plea bargaining where the defendant is originally charged with an armed violent felony offense. Nonetheless, this court does not read that part of the bill which is now the proviso to CPL 180.50 (subd 2, par [b]) as entirely eliminating the Criminal Court’s discretion to reduce an armed felony charge where, as in the case at bar, the complaint itself fails to allege an essential element of the offense charged, and the facts and evidence do not support the charge.
*522 Prosecution of the present indictment is barred not only by defendant’s Criminal Court plea of guilty, but also in the interests of justice. The defendant in this case is a 25-year-old man with no criminal record who sought help with a legal problem from perhaps the only lawyer he knew — an Assistant District Attorney. That lawyer, instead of immediately advising defendant that his interests were adverse to hers and that she could give him no advice except to obtain his own lawyer (see Code of Professional Responsibility, DR 7-104 [A] [2]) led him through two lengthy and inculpatory telephone conversations which she tape recorded without his knowledge and which ended with the advice that defendant should surrender to the police. While this behavior does not constitute a deprivation of due process, or violate any specific canon of ethics, it does represent a gross misunderstanding by the assistant involved as to the duty of a public prosecutor “to seek justice, not merely to convict” (Code of Professional Responsibility, EC 7-13). It is also the kind of “compelling factor” that the Legislature envisioned as the basis for the dismissal of an indictment in furtherance of justice (CPL 210.40).
The right to counsel has become a sine qua non of our criminal justice system. The assistant’s failure to inform defendant of this right and to advise him immediately to take advantage of it erodes confidence not only in the fairness of the prosecutor but in the fairness of the system itself. Based on the assistant’s conduct, and after examination and consideration of the factors set forth in CPL 210.40, this court concludes that prosecution of this indictment, even if it were not barred by a prior prosecution, would constitute a gross injustice.
Defendant’s motions are granted.