■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BARRY FRIEDMAN, Respondent. — Order of the Supreme Court, Bronx County (H. Shapiro, J.), entered on September 23, 1982, which granted defendant's motion to dismiss the indictment, and granted leave to the District Attorney to resubmit the matter to the Grand Jury but directed the District Attorney to include the possibly exculpatory testimony of two witnesses upon such resubmission, is unanimously reversed, on the law, the indictment is reinstated and the matter

remanded for trial. After a mistrial had been declared due to a hung jury in the first trial of defendant Barry Friedman on a charge of second degree murder, and on the eve of retrial, Trial Term granted the defendant's motion to dismiss the indictment, but granted leave to the People to re-present the evidence to the Grand Jury. In a thoughtful opinion (*People v Friedman*, 116 Misc 2d 212), the reason given for such dismissal and direction for re-presentation was that, in the course of the first trial, two witnesses for the prosecution unexpectedly gave testimony which, if believed, might tend to exculpate defendant by affording him a possible alibi. Specifically, these witnesses placed the defendant at a location six miles away from the location where the victim's body was discovered at approximately the same time that other testimony indicated that the body was being moved. Trial Term held that under the circumstances of this case, the District Attorney had an obligation to resubmit all the evidence to the Grand Jury, including the testimony of these two witnesses, even though there was no contention that the District Attorney knew of the alibi testimony at the time of the original submission. In dismissing the indictment, Trial Term based its order on the interest of justice and the inherent power of the court to dismiss under what Trial Term described as the "extraordinary" circumstances of this case, viz., "an extremely weak circumstantial case," and the testimony of the two alibi witnesses. CPL 210.40 sets forth the circumstances in which a court may exercise discretion to dismiss an indictment in the interest of justice. CPL 210.40 (subd 1) lists 10 criteria which the court is statutorily required by CPL 210.40 (subd 2) to consider on the record before dismissing an indictment in the interest of justice. Trial Term declined to consider the statutory grounds for its order relying only on the inherent power of the court to adjudicate. In the conceded absence of prosecutorial misconduct (CPL 210.40, subd 1, par [e]) in connection with the initial Grand Jury submission, there should be no requirement of a re-presentation merely because alibi testimony is unexpectedly adduced. Such a requirement would burden the Grand Jury system. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Kassal, JJ.