OPINION OF THE COURT
Alan Meyer, J.
Defendant moves this court for an order dismissing such counts of the indictment as the court may deem to be in the interest and furtherance of justice, pursuant to CPL 210.40 *589 and People v Clayton (41 AD2d 204) or in the alternative, a Clayton hearing at which the court may examine and consider the existing facts and circumstances in this case, which when applied to the considerations of CPL 210.40, require dismissal in the interest of justice as a matter of judicial discretion.
The defendant, Louis Sierra, was arrested on July 27, 1990, and charged with criminal possession of a controlled substance, third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). On August 2, 1990 the defendant pleaded guilty under this superior court information to attempted criminal possession of a controlled substance in the fifth degree (Penal Law §§ 110.00, 220.06 [1]) and was adjudicated a predicate felon. The case was then adjourned for sentencing. An investigation and sentence was ordered, and the defendant was remanded. The sentencing has been adjourned a number of times to give counsel the opportunity to file this motion, and to obtain the necessary medical documentation in support of this motion. The People filed a response, basically opposing this application.
In support of this motion, the court has been provided with various medical records of the defendant, from 1987 to the present.
Mr. Sierra is a 45-year-old male who was tested as HIV positive in 1987, and was further treated for this illness while incarcerated at the Southport Correctional Facility in Pine City, New York in January 1990.
Mr. Sierra, although still diagnosed as HIV positive, has suffered from several HIV related infections, and although he has not yet been diagnosed as having AIDS, his condition and many of the symptoms he now has are consistent with that of an individual who has progressed from HIV positive to an advanced stage of AIDS. He is presently being treated through the Department of Correctional Services with AZT, Motrin, Atarax, Theodur, Methadone, and various other medications and prescriptions. He is also receiving psychiatric counseling. The defendant also has a history of drug abuse (heroin).
HIV illness is a series of symptoms which gradually increase in severity and ultimately can result in AIDS (Acquired Immune Deficiency Syndrome) which is characterized by a complete collapse of the immune system, and which generally proves fatal within two years of diagnosis of AIDS. As of this date, there is no known cure for AIDS.
*590 At this stage, it appears Mr. Sierra is at the AIDS related complex stage of the illness, which is usually the precursor to being diagnosed as having AIDS, which usually occurs within an average of 1 to 2 years of being diagnosed as ARC (AIDS related complex). However, it is, as counsel states, difficult to predict when Mr. Sierra’s ARC will develop into AIDS, or how long he will survive. Suffice it to say, Mr. Sierra is very seriously ill.
There have been a number of cases of similar application over the past few years (see, People v Ortiz, NYLJ, Feb. 16, 1990, at 24, col 4 [Bronx County]; People v Jacobs, NYLJ, Aug. 22, 1986, at 14, col 1 [Richmond County, Felig, J.]; People v Osoriogonzalez, NYLJ, Mar. 28, 1988, at 54, col 4 [Queens County, Clabby, J.]).
The court, before making a determination on a Clayton motion, must examine individually and collectively the factors set forth in the Criminal Procedure Law (CPL 210.40 [1] [a]-[j]) (People v Boyer, 116 Misc 2d 931 [1981]; People v Clayton, 41 AD2d 204 [1973], supra). These factors are discussed by defense counsel, and the court, in the most part, has no arguments with the positions as stated.
The evidence of guilt, defendants’ character and history, the seriousness of the offense are answered simply by stating that the defendant has a long criminal history and is a predicate felon, and that the defendant has already pleaded guilty on this matter to a class E felony.
This court totally disagrees with counsel’s argument that a dismissal in this case would enhance the public confidence in the judicial system, by showing mercy and compassion. Mr. Sierra was diagnosed as HIV positive in 1987, while in prison. After his release, he again is involved in illicit drug activities. This defendant has indicated by his actions that he would not necessarily abstain from illegal conduct. This court is not about to give carte blanche to a defendant, who, aware he is afflicted with a serious illness, commits a felony, and then asks for mercy.
To allow an individual with a long criminal record, including felony convictions, to use his medical misfortunes (which he was aware of prior to the commission of the instant felony) as a tool to totally bypass the justice system is unacceptable. The decisions granting these motions in the past seem to be where the defendants were literally at death’s door, and possibly not even diagnosed with advanced AIDS at the time *591 of the incident. This defendant was diagnosed as HIV positive three years ago, in prison, his diagnosis has not changed, and therefore his life expectancy would be beyond his term of incarceration.
Viewing counsel’s arguments in a light most favorable to the defendant, this court still finds without the necessity of a further hearing on this issue, that compelling factors which would warrant a dismissal in the interest of justice do not exist in the instant case (People v Macy, 100 AD2d 557 [1984]).
Wherefore, defendant’s motion to dismiss pursuant to CPL 210.40 is denied.