OPINION OF THE COURT
Pearl B. Corrado, J.
On October 1, 1992, the defendant was arrested for possessing cocaine after he was observed by a police officer on duty participating in a drug transaction. The matter was presented to the Grand Jury on October 7, 1992. Defendant was charged with criminal possession of a controlled substance in the third *326 degree, a class B felony, and criminal possession of a controlled substance in the fifth degree, a class D felony.
The defendant now moves for dismissal of the indictment in the interests of justice, pursuant to CPL 210.40. Defendant alleges that his infection with the HIV virus which caused AIDS related illnesses manifests compelling factors, considerations or circumstances which warrant dismissal of the charges against him.
In support of his motion, the defendant submitted two letters from Dr. Robert Maslansky, who is the medical director of the Bellevue Hospital Addiction Rehabilitation Service. The first letter, dated October 15, 1992, states that the defendant has two AIDS defining illnesses, namely active tuberculosis and an indolent leg ulcer, for which he is being treated. The second letter, dated October 28, 1992, states that the defendant’s "HIV infection is quite advanced and that the best estimate for his survival would be less than two years” and that this may be adversely affected by the tuberculosis.
CPL 210.40 (1) allows a court to dismiss charges against a defendant when "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” CPL 210.40 (1) (a) to (j) contains a list of 10 factors which the court must apply in making its determination.
It cannot be denied that the crimes the defendant is charged with are serious offenses — possession of cocaine with intent to sell. Although they are nonviolent felonies, they are felonies nonetheless. Indeed dismissal in the interests of justice is less available for felony rather than misdemeanor prosecutions (People v Jones, 126 Mise 2d 919 [1984]).
The harm caused by trafficking and use of narcotics caused both to society and individuals alike, almost goes without saying. Narcotics crimes are the cause of the commission of other crimes against persons and property, in furtherance and perpetuation of them.
Furthermore, "[i]t is clear that the abuse of drugs is one of the causes of AIDS.” (People v Camargo, 135 Misc 2d 987, 991 [1986]; see also, Fuchsberg, Law, Social Policy, and Contagious Disease: A Symposium on Acquired Immune Deficiency Syndrome [AIDS], 14 Hofstra L Rev [1985].)
The evidence of the crimes the defendant is charged with is *327 compelling. In addition to the testimony of the arresting officer after observation of the defendant’s acts, the People have the narcotics which the defendant discarded before arrest and a chemical analysis of the narcotics. Additionally, there is no evidence of misconduct by the police or by the prosecutor.
Although there would be no compromise of public safety by the dismissal, because this was not a violent crime, the damage to the welfare of the community may be great. A dismissal of narcotics charges merely because the defendant has contracted AIDS or some other serious illness would rise to the level of a blanket excuse for criminal activity and may well encourage commission of crimes. For this reason, public confidence in the criminal justice system may be similarly impaired. The effect on public confidence in the system and welfare of the community are important considerations (People v Bachety, 112 Misc 2d 957 [1982]).
It appears from the evidence available against the defendant and the seriousness of the crimes the defendant is charged with, for which he was subsequently indicted, that the People are proceeding from demonstrable prosecutorial merit rather than vindication of principle. (See, People v Jones, supra.) A judgment of conviction would serve the purpose of penalizing a wrongdoer and deterring commission of this crime by the defendant and others in the community.
The final factor to be applied in determining whether to dismiss in the interest of justice is "the history, character and condition of the defendant.” (CPL 210.40 [1] [d].) The defendant is suffering the ravages of AIDS and the illnesses related to it. According to the letters submitted by the defendant in support of his motion, he is not expected to live beyond two years. However, it also appears from these letters that the defendant has had AIDS for some time and apparently was infected with the HIV virus while he was committing the crimes with which he is charged, indicating that the disease is not such a bar to the defendant’s ability and desire to commit them. The mere fact that a defendant charged with serious crimes has contracted AIDS should not serve as a talisman for automatic dismissals in the furtherance of justice. The case law bears this out.
In People v Camargo (135 Misc 2d 987, supra [1986]), a defendant charged with criminal sale of a controlled substance and criminal possession of a controlled substance in the third *328 degree, who was suffering from AIDS, was granted his motion to dismiss in the furtherance of justice, under CPL 210.40 because it did "not appear that the interest of justice would be substantially served by the defendant’s continued prosecution.” (Supra, at 991.) However, the instant case is distinguishable, in that the Camargo defendant was in the advanced stages of the disease, was bedridden and was not expected to live beyond three or four months.
The defendant has cited two cases in support of his motion, in which defendants with AIDS charged with narcotics crimes were granted their motion to dismiss under CPL 210.40 (People v Roman, NYLJ, Oct. 5, 1990, at 25, col 4 [Bronx County]; People v Gamble, NYLJ, Sept. 30, 1991, at 25, col 1 [Bronx County]). These cases are also distinguishable from the present case. In both Roman and Gamble, it is not readily apparent whether the defendant had any criminal record. In contrast, the defendant in this case has an extensive criminal record — three prior felony and 20 prior misdemeanor convictions, although they are all nonviolent. It would seem that the defendant’s criminal record is relevant in determining his "history” as is required by the statute. (CPL 210.40 [1] [d].) Furthermore, in Gamble, the defendant was in the "terminal stages of AIDS,” too weak or ill to appear in court on several occasions, and was expected to live for only six months. The letters in support of the defendant’s motion to dismiss indicate that the defendant is undergoing treatment for the disease. However, the defendant is not incapacitated by his affliction to the extent of the defendants in Camargo (supra), Roman, and Gamble, and his release may merely provide him with further opportunities to commit crimes.
In People v Sierra (149 Misc 2d 588 [1990]), a case similar to the one at bar, defendant was infected with the AIDS virus and charged with criminal possession of a controlled substance. The court denied the motion to dismiss under CPL 210.40. Like the defendant in Sierra, the defendant in this case committed the crimes he is charged with after he knew he contracted the disease. Also, the defendant in Sierra was not in the advanced stages of the disease as in this case. Additionally, both the defendants in Sierra and here have long criminal histories, including felonies. The court in People v Sierra stated: "[t]o allow an individual with a long criminal record, including felony convictions, to use his medical misfortunes (which he was aware of prior to the commission of the instant felony) as a tool to totally bypass the justice system is *329 unacceptable.” (Supra, at 590.) The court also indicated that "[t]he decisions granting these motions in the past seem to be where the defendants were literally at death’s door.” (Supra.) That is not the case here.
This court is not insensitive to the fact that the defendant is afflicted with the deadly and presently noncurable disease of AIDS. However, the defendant’s individual interest must be balanced against the public welfare, faith of the community in "the system” and society’s need to deter crime and see that justice is done.
In light of the circumstances discussed above, this court finds that the compelling reasons necessary for dismissal of this case are lacking and that it would not serve the interests of justice to allow the defendant to go free and enable him to commit crimes. The defendant’s motion to dismiss is denied.