*829 OPINION OF THE COURT
Abraham G. Gerges, J.,
Defendant moves to dismiss indictment No. 13182/94 in the interests of justice.
Defendant is charged with leaving the scene of an accident and driving while under the influence of drugs.
The court has considered the defendant’s motion and various supporting documents submitted by the defense.
The court has received letters from friends and relatives of the defendant testifying to his good character. The court has taken these letters into account in making its determination.
GPL 210.40 (1) provides that an indictment or any count thereof may be dismissed in the furtherance of justice and that such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice. Additionally, the statute further provides that in determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
(A) The seriousness and circumstance of the offense; the defendant is charged with leaving the scene of an accident. Leaving the scene of an accident is a serious offense. The Legislature has classified this crime as a class E felony carrying a mandatory maximum term of imprisonment of l1/s to 4 years. The indictment also charges the defendant with driving while under the influence of drugs, a misdemeanor carrying a maximum term of imprisonment of 1 year.
(B) The extent of harm caused by the offense; a young child was killed as a result of this accident. A young life was tragically cut short and the impact on the victim’s family is incalculable.
(C) The evidence of guilt, whether admissible or inadmissible at trial; the defendant identified himself to the 911 dispatch operator subsequent to the incident as the person who left the scene of the accident that proved fatal to the young boy. In addition, the defendant indicated to the operator that he thought he had hit and injured the young boy. The defendant also indicated to the police that he was participating in a methadone program at the time he was driving the vehicle that hit the *830 victim. In determining the instant motion, the court notes that the defendant did not notify the police as soon as he was physically able by remaining at the scene as required by law. The court cannot merely accept the defendant’s contentions that because he eventually did report the incident to the police, he should be given leniency. (People v Field, 175 AD2d 291 [2d Dept 1991].) The police officer at the scene reported that the defendant was slurring his speech, staggering, excited, and talking loudly when he was arrested. In addition, the prosecution proposes to introduce a witness who saw the defendant at the scene and thereafter observed the defendant’s actions after the incident. This witness’ observations are identical to that of the officer’s and would be admissible to show that the defendant’s behavior was affected by the drug.
(D) The history, character and condition of the defendant; the defendant was 42 years of age at the time of the incident and has an extensive criminal history. At 18 years of age, the defendant was arrested and charged with possession of a controlled substance, and was sentenced to probation. As part of his probation, the defendant was placed in a methadone rehabilitation program. He attended the program for six months until it became overcrowded. He was moved to another program which he attended for four months. Thereupon, he violated his probation and joined the military. Within a year, he was discharged. Throughout this time, the defendant’s narcotic use continued. As a result, he was rearrested in the early 1980’s on several matters that were directly related to his drug problem. Subsequently, the defendant spent several years in and out of prison due to drug-related matters. In addition to the defendant’s narcotic problems, there have been several unfortunate incidents in the defendant’s life such as the death of his father and his wife, and the defendant’s development of AIDS. However, the defendant has maintained employment within the last four years as an iron worker.
(E) Any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; in the investigation, arrest and prosecution of the defendant, this factor is not applicable in this case.
(F) The purpose and effect of imposing upon the defendant a sentence authorized for the offense; if convicted of the top count in the indictment, the defendant faces a maximum sentence of l1/3 to 4 years. In this instance, it appears to the court, that although the defendant has maintained employment for the past several years, his criminal propensities are such that they are *831 cyclical in nature. He is constantly in and out of prison and cannot maintain himself free of drugs for long periods of time. In addition, while in a methadone treatment program, the defendant’s attending physician indicated that the defendant lacked motivation to alter his lifestyle and that he did not even want to attend the program. The purpose of confinement is to remove the prisoner from society for punishment and to serve valid governmental interests of security, deterrence and rehabilitation. "The gravity of the offense is obviously key, as is the gravity of the danger which the offender poses to society. Given grave offenses committed or committable by dangerous offenders, the penological purposes of the sentencing statutes, whether they be rehabilitation or isolation of offenders or the deterrence of potential offenders, will be decisive.” (People v Broadie, 37 NY2d 100, 112 [1975].)
The gravity of the offense is clear. The taking of a human life is considered by society to be one of the most reprehensible crimes committable by man. This indifference to human life by one human being towards another cannot be taken lightly. The potential danger which the defendant could pose on another innocent child is unthinkable. The defendant’s past criminal history of narcotics and his lack of motivation to alter his behavior leads the court to believe that rehabilitation will serve no purpose at this point in the defendant’s life. He is a great danger to society and to himself.
The crime committed was a felony and a violent felony nonetheless. Dismissal in the interests of justice is less available for a felony than a misdemeanor. (People v Jones, 126 Misc 2d 919 [1984]; People v Pender, 156 Misc 2d 325 [1992].) Therefore, because of the gravity of this crime and the possible threat that this defendant could pose to others if not incarcerated, the court deems that the instant motion to dismiss the indictment should be denied.
(G) The impact of a dismissal upon the confidence of the public in the criminal justice system; the crime charged to the defendant is an extremely serious one because the loss of a young life is involved. Its impact on the public interest weighs heavily against dismissal.
(H) The impact of a dismissal on the safety or welfare of the community; since the crime charged involves the potential loss of human life if repeated, its impact on the public interest weighs heavily against dismissal.
(I) Where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; the victim’s *832 family has suffered, an immeasurable loss. The incident has caused them to lose their young son. This is a loss that will cause the victim’s family lasting pain and suffering. The victim’s family desires that this motion be denied because it would not serve the interests of justice.
(J) Any other relevant facts indicating that a judgment or conviction would serve no useful purpose; the court examined the totality of the circumstances and the impact of its decision on the case at bar, on the community, the criminal justice system, the victim, the victim’s family and the defendant. The criminal justice system has acknowledged that drug programs are one aspect of treatment to rehabilitate those involved with drugs. The defendant clearly shows a resistance to control his illness in an appropriate manner. This is apparent in the various attempts in his life to receive proper treatment for his drug problem. However, he almost always abandoned these rehabilitative programs.
The court has also considered the physical condition of the defendant, who was diagnosed HIV positive and subsequently with AIDS. The defendant was diagnosed with AIDS prior to the commission of the 1994 crime. It has been held that when a defendant has AIDS prior to the committing of the crime in which he is charged, that motions to dismiss in the interests of justice are frequently not granted. The reasoning behind refusal to grant such a motion are "that the disease is not such a bar to the defendant’s ability and desire to commit them [the crimes]. The mere fact that a defendant charged with a serious crime has contracted AIDS should not serve as a talisman for automatic dismissals in the furtherance of justice.” (People v Pender, 156 Misc 2d 325, 327 [1992], supra). The court in People v Sierra stated that "[t]o allow an individual with a long criminal record, including felony convictions, to use his medical misfortunes (which he was aware of prior to the commission of the instant felony) as a tool to totally bypass the justice system is unacceptable.” (People v Sierra, 149 Misc 2d 588, 590 [1990].)
However, courts have sparingly granted motions to dismiss in the interests of justice in cases where the defendants were in the advanced stages of their illness: "[W]here the defendants were literally at death’s door”. (People v Sierra, supra, at 590; People v Camargo, 135 Misc 2d 987 [1986]; People v Gamble, NYLJ, Sept. 30, 1991, at 25, col 1 [Bronx County].) However this is not the situation with the instant case. The defendant is not in the final stages of AIDS.
Dismissal of the charges because a defendant has AIDS or some other serious illness "would [give] rise to the level of a *833 blanket excuse for criminal activity and may well encourage commission of crimes. For this reason, public confidence in the criminal justice system may be similarly impaired. The effect on public confidence in the system and welfare of the community are important considerations.” (People v Pender, 156 Misc 2d, supra, at 327; People v Bachety, 112 Misc 2d 957 [1982].)
After careful consideration of the above factors, the defendant’s motion to dismiss is denied to the extent provided herein.