■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DWAYNE MOYE, Respondent. [755 NYS2d 307] —Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated July 22, 2002, which granted the defendant's motion to dismiss the indictment in the furtherance of justice.

Ordered that the order is reversed, as a matter of discretion, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The defendant's motion papers fail to reveal the existence of "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon [this] indictment * * * would constitute or result in injustice" (CPL 210.40 [1]). Although the defendant suffers from a variety of serious physical and mental ailments, many of which are related to AIDS, his survival prognosis is not

clear. We also note the defendant has a history of serious crime. Giving consideration to all relevant factors, the extraordinary remedy of dismissal of the indictment in the furtherance of justice was not warranted in this case (*see generally People v McAlister,* 280 AD2d 556 [2001]; *People v Tavares,* 273 AD2d 707 [2000]; *People v Kennard,* 266 AD2d 718 [1999]; *People v Mitchell,* 64 AD2d 1012 [1978]; *People v Murray,* 166 Misc 2d 828 [1995]; *People v Sierra,* 149 Misc 2d 588 [1990]; *cf. People v Lawson,* 198 AD2d 71 [1993], *affd* 83 NY2d 958 [1994]; *People v Wong,* 227 AD2d 852 [1996]; *People v Camargo,* 135 Misc 2d 987 [1986]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.