■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN SCOTT, Appellant. [786 NYS2d 179]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered June 19, 2003, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty in March 1992, and then absconded. After 11 years, the defendant was finally returned for sentencing. Despite the defendant's having absconded, the County Court imposed the sentence that had been originally promised as an inducement to the defendant's plea, and which, the parties acknowledge, was the minimum legal sentence.

Contrary to the defendant's contention, the County Court properly denied his motion to dismiss the indictment pursuant to CPL 210.40. The defendant's medical condition, albeit serious, did not constitute a "compelling factor" (CPL 210.40 [1]) that, considered alone or in conjunction with all of the other circumstances of this case, would have been sufficient to warrant "the extraordinary remedy of dismissal of the indictment in the furtherance of justice" (*People v Moye,* 302 AD2d 610, 611 [2003]). The defendant's motion papers failed to establish the existence of any compelling factor that warranted this "extraordinary remedy" (*People v Moye, supra* at 611; *see also People v McAlister,* 280 AD2d 556 [2001]; *People v Kennard,* 266 AD2d 718 [1999]). Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.