■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT T. SURPRENANT, Respondent. — Appeal from an order of the County Court of Warren County (Moynihan, Jr., J.), entered March 10, 1982, which granted defendant's motion to dismiss the indictment in the interest of justice. Defendant was indicted on November 7, 1980 for two counts of grand larceny in the second degree and 11 counts of grand larceny in the third degree. The indictment arose out of an investigation conducted by the Attorney-General's New York Medicaid Fraud Control Unit regarding offenses committed in the operation and management of hospitals located within the State. The investigation centered on the theft of used or defective X-ray film for its silver content by X-ray technicians of various hospitals. By custom these technicians were entrusted with the sale of such film to salvage companies and a return of the proceeds to the hospitals by whom they were employed. The investigations revealed that many of the technicians were receiving "kick backs" from the salvage companies. An audit of the books and records of a salvager named Novobilsky revealed such sales and Novobilsky was subpoenaed before the investigating Grand Jury. His testimony disclosed that defendant, who was then the chief X-ray technician at Glens Falls Hospital, sold X-ray film to him and certain canceled checks made out to cash and indorsed by defendant were found in Novobilsky's records. When confronted with these checks, defendant is said to have admitted keeping a portion of the money that he received from the sales. This testimony supplied the basis for defendant's indictment. When the evidence was concluded, the Assistant Attorney-General instructed the Grand Jury to treat Novobilsky "as an accomplice as a matter of law", whose testimony was insufficient for an indictment unless the Grand Jury found "from some other source, evidence connecting the defendant with the commission of the crimes". On February 11, 1981, defendant filed an omnibus motion, requesting an order releasing the Grand Jury minutes to him, a bill of particulars, and discovery and inspection of most of the prosecution's evidence, one item of which was the statement or testimony given by any unindicted accomplice. Defendant also moved to dismiss the indictment as unsupported by legally sufficient evidence. The prosecution stated that there were no unindicted accomplices, which resulted in defendant's submission of a memorandum attempting to demonstrate the complicity of Novobilsky. The trial court failed to decide the omnibus motion for 10 months, during which time plea

negotiations were undertaken. When such negotiations were unsuccessful, defendant moved, on December 1, 1980, for dismissal in the interest of justice. The trial court granted defendant's motion to dismiss. We disagree and reverse. The facts and circumstances surrounding this defendant's indictment do not warrant the exercise of judicial discretion underlying the dismissal of an indictment in the interest of justice (see CPL 210.40, subd 1). Defendant's alleged involvement did not consist of an isolated instance. He was charged with a total of 13 counts of grand larceny, which amounted to approximately $10,000. His alleged thefts extended from February, 1975 to October, 1979. If he committed the acts of which he is accused, he would also be guilty of a breach of trust against his employer. His position was a responsible one, and he was well paid, preventing his claim of poverty or need. Those occupying such positions are expected by the public to perform faithfully and honestly, and the public impact of dismissal in the interest of justice in such a case deleteriously affects the confidence of the public in the criminal justice system. Although defendant suffered the personal tragedy of the death of his wife during the proceedings, and, before these charges, was well regarded in the community, those factors on balance do not permit a dismissal in the interest of justice. When and if defendant is convicted, his prior background and good record may be appropriately considered on sentencing. Even his attorney has conceded that the evidence of guilt ponderates against him and facially at least was procured in a constitutionally permissible manner. As to the inconsistency of the prosecutor in informing the Grand Jury that Novobilsky was an accomplice as a matter of law, and then stating to the court that there were no unindicted accomplices, we find no serious error, for defendant received the full benefit of requiring the Grand Jury to find corroboration of the accomplice before it could indict — an instruction which if erroneous inured to defendant's benefit. Accordingly, the order of dismissal should be reversed, the indictment reinstated, and the matter remitted to the trial court for further proceedings. Order reversed, on the law and the facts, indictment reinstated, and matter remitted to the County Court of Warren County for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.