■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LEWIS, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered October 7, 1982, convicting defendant upon his plea of guilty of the crime of assault in the second degree. While incarcerated on a parole violation warrant, defendant participated in an uprising at the Schenectady County Jail. As a result of this incident, he was indicted for second degree assault of a correction officer, criminal mischief in the third degree, promoting prison contraband in the first and second degrees, riot in the

second degree and obstructing governmental administration. A guilty plea was entered to assault in the second degree in full satisfaction of all charges. Although none of defendant's arguments warrant reversal, several bear comment. Initially, defendant contends his counseled and bargained-for guilty plea was improperly accepted. He maintains it was coerced, the coercion being the trial court's refusal to accept his guilty plea until he acknowledged hitting the correction officer. A review of the record discloses that rather than coercing defendant, the court was concerning itself with ensuring that defendant's constitutional rights were respected and that he was indeed knowingly and voluntarily waiving them (*People v Allen,* 79 AD2d 1004). Defendant also charges that the trial court's failure to set reasonable bail and its refusal to allow defendant discovery of the Grand Jury minute book, kept pursuant to CPL 190.20 (subd 3), and of incident reports, filed pursuant to the Correction Law and NYCRR title 7, also operated to coerce his plea. Inasmuch as the court's rulings were proper, they cannot be said to have forced defendant into a plea of guilty. Five thousand dollars is hardly excessive bail in light of the seriousness of the charges against defendant, a predicate felon (*People ex rel. Lobell v McDonnell,* 296 NY 109, 111). Also, it seems to us quite clear that CPL 190.25 (subd 4) requires the Grand Jury minute book be kept secret. Furthermore, Grand Jury proceedings carry a presumption of regularity (*Melville v Morgenthau,* 307 F Supp 738, 740). To overcome that presumption there must be a showing by defendant of a particularized need or gross and prejudicial irregularity in the proceedings or some other similarly compelling reason (*United States v Dioguardi,* 332 F Supp 7, 20). Here, defendant's purpose in seeking inspection of the Grand Jury minute book was merely to determine whether there were any grounds to move against the indictments because of a wished-for aberration in the Grand Jury proceedings. Finally, by pleading guilty, defendant effectively waived his right to have the trial court's ruling denying him access to the incident reports reviewed (*People v Thomas,* 74 AD2d 317, 321, affd 53 NY2d 338). Even if defendant had chosen to go to trial, that denial occurred only after an *in camera* review of the material and thus complied with the strictures of *Brady v Maryland* (373 US 83) (*People v Consolazio,* 40 NY2d 446, 453). Judgment affirmed. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.