■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICIA LITMAN, Respondent. — Appeal from an order of the County Court of St. Lawrence County (Duskas, J.), entered April 4, 1983, which granted defendant's motion to dismiss the indictment. Defendant allegedly stole money from her husband. An indictment charging her with grand larceny in the second degree was dismissed in the interest of justice and the People appeal. Evidence put before the Grand Jury disclosed the following. Defendant worked for complainant, a physician, from about October, 1977 until their marriage in 1979. In June, 1981, she resumed managerial duties in his office at her own initiative and without compensation. Between October 1, 1981 and February 15, 1982, she allegedly appropriated over $1,500 by withdrawing checks from her husband's business mail, depositing them in a dormant checking account in his name only, and then drawing upon that account for her own purposes and benefit by signing his name. Complainant discovered this conduct, confronted defendant with it, instituted a still pending divorce proceeding and filed the criminal complaint providing the basis for this proceeding. In dismissing the indictment, the trial court, as required, reviewed the factors set forth in CPL 210.40. Although recognizing the seriousness of the offense, the court emphasized that only complainant was harmed, that the evidence of guilt was circumstantial, and that a question existed as to whether complainant impliedly ratified the wife's acts. The court further noted that she had an unblemished criminal record, was an upstanding member of the community, and that her actions may have been justified by the failure of the husband to provide sufficient funds for her personal needs. It was also observed that imposition of a prison sentence was unlikely and that dismissal of the indictment would have little impact on the confidence of the public in the criminal justice system or on the safety or welfare of the community. We have independently reviewed the factors set forth in CPL 210.40 and cannot agree that this case presents that rare or unusual circumstance which cries out for fundamental justice (see *People v Belge,* 41 NY2d 60, 62-63). The evidence suggests a carefully contrived scheme to steal property from complainant. Although the wife recorded on the patient's records that the patient's payments had been received, thus victimizing only her husband, theft is not a private wrong but a public act against all of society (see *People v Quill,* 11 Misc 2d 512, 514). Furthermore, the concealment of her actions by crediting the moneys taken to the appropriate patient's

records insinuates not only intent but knowledge of wrongdoing and an attempt to prolong the scheme. As for ratification, the availability of that defense is more appropriately considered at trial (*People v Prunty,* 101 Misc 2d 163, 167), and defendant's status as a mother, well respected in the community, is not a compelling reason for dismissal (cf. *People v Surprenant,* 91 AD2d 1111). Nor can we agree, given the People's evidence, that her plight was such that she was forced to make off with her husband's funds because he failed to provide for her needs. It appears she had permission to sign her husband's name to checks for household and ordinary living expenses from another account, also solely in his name, in which he deposited $1,500 biweekly to cover such expenses. Having in mind that the trial court's discretion to dismiss in the interest of justice is an undertaking to be sparingly exercised (*People v Belkota,* 50 AD2d 118, 120), and that a marriage license does not authorize one spouse to illicitly obtain the other's funds, we conclude that the indictment must be reinstated. Order reversed, on the law and the facts, indictment reinstated, and matter remitted to County Court of St. Lawrence County for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.