■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT RICCELLI, Respondent.—Order unanimously reversed on the law, motion denied and indictment reinstated. Memorandum: Defendant was charged with violations of Penal Law § 190.65 (1) (b) (scheme to defraud in the first degree), General Business Law § 352-c (6) (fraud in the sale of securities), and General Business Law § 359-fff (promoting a chain distributor scheme). County Court granted defendant's motion to dismiss the indictment in furtherance of justice *(see,* CPL 210.40). We reverse and reinstate the indictment.

Defendant allegedly promoted and profited from a pyramid scheme known as the "airplane game". As the scheme operates, each "plane" has eight "passengers", four "flight attendants", two "copilots" and one "pilot". Each new participant joins the game by paying $2,200 to become a "passenger". The successful recruitment by each "passenger" of two additional "passengers" results in the creation of an ever-expanding number of additional "planes" and permits "passengers" to move progressively in rank to "flight attendant", "copilot" and finally to "pilot", at which stage the "pilot" receives a payoff

of $17,600, representing the "investments" of eight newly recruited "passengers".

An indictment may be dismissed in furtherance of justice when there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (CPL 210.40 [1]). Before granting the relief, the court must, to the extent applicable, examine and consider, individually and collectively, the factors set forth in the statute (see, CPL 210.40 [1] [a]-[j]). We have independently reviewed those factors and we conclude that a dismissal in furtherance of justice is not warranted. This case does not present "that rare or unusual circumstance which cries out for fundamental justice" (People v Litman, 99 AD2d 573).

Two of the crimes charged in the indictment are felonies, punishable by a term of imprisonment in excess of one year; they are serious offenses (see, Blanton v City of N. Las Vegas, 489 US —, 103 L Ed 2d 555). Defendant's argument that he believed that the scheme was lawful is unpersuasive, even if true. "A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of law, constitute an offense, unless such mistaken belief is founded upon an official statement of the law" (Penal Law § 15.20 [2]; see, People v Marrero, 69 NY2d 382). Defendant makes no claim that he was victimized by "an official statement of the law".

County Court considered the extent of harm resulting from defendant's unlawful conduct only in terms of loss of money by one "victim" who was solicited by defendant to participate in the scheme. The court reasoned that the "victim", like "one who places a bet with a bookmaker", should not be heard to complain "that he has been financially diminished." Without commenting on the more obvious flaw in that reasoning, we find that promotion of this pyramid scheme is not a private wrong; it is a public act against all of society (see, People v Litman, 99 AD2d 573, supra). The Legislature, fully aware that one buying into a scheme of this nature may be motivated by greed, nevertheless determined that its promotion should be criminal. Defendant admits his participation, and although he has no prior criminal record, an unblemished or even an exemplary background is not a compelling reason for dismissal (see, People v Surprenant, 91 AD2d 1111; People v Andrew, 78 AD2d 683).

There is nothing in the record to demonstrate selective

prosecution or other misconduct by law enforcement personnel. The Attorney-General avers, without contradiction, that many participants in the scheme have been, are being, or will be prosecuted. We find no merit to the argument that defendant has been discriminatorily singled out for prosecution *(see, Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693).

County Court also reasoned that the publicity associated with the case alerted the public to the illegal nature of the scheme and effectively "grounded" it, thus serving the purpose of prosecution. We reject that rationale. A criminal indictment should not be dismissed as having served its purpose merely because it has been publicized.

In sum, we find that in dismissing the indictment, County Court abused its discretion as a matter of law. (Appeal from order of Onondaga County Court, Mulroy, J.—CPL 210.40.) Present—Dillon, P. J., Callahan, Denman, Green and Davis, JJ.