■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PASQUALE NATARELLI, Respondent.—Harvey, J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered August 5, 1988, which granted defendant's motion to dismiss the indictment.

Defendant was charged with six counts of criminal contempt in the first degree (Penal Law § 215.51) in connection with his refusal to answer questions before a Grand Jury. The Grand Jury proceeding was in connection with a scheme whereby several persons allegedly fraudulently applied to the State for moneys to conduct research on AIDS while planning to steal a portion of the money for their own use. Defendant was originally charged in connection with the scheme but the charges were eventually dropped against him due to the fact that certain wiretap evidence against defendant was suppressed because the People failed to comply with the notice requirements of CPL 700.50 (3). Thereafter, the People were granted leave to re-present the fraud case against two of the other defendants.

Defendant was called as a witness before the Grand Jury and granted immunity but he refused to testify, claiming his testimony would constitute a disclosure of the fruits of an illegal electronic surveillance. Thereafter, despite a judicial ruling instructing defendant to answer all questions posed, defendant again refused to testify on the same ground. The Grand Jury indicted him for contempt. Defendant moved to dismiss the contempt indictment in the interest of justice and this motion was granted by County Court. This appeal by the People followed.

The People principally argue that County Court abused its discretion in dismissing the indictment because the court impermissibly based its decision primarily on defendant's age (78 at that time) and unsubstantiated claims of his ill health and did not adequately review the remaining factors set forth in CPL 210.40. We agree. CPL 210.40 allows a court to "dismiss an indictment in the interests of justice, irrespective of guilt or innocence, in those rare and compelling instances in which the public interests and the individual interest of the accused coincide and permit the court to exercise forbearance" *(People v Belkota,* 50 AD2d 118, 120). In exercising this option, a court's discretion is not absolute and should be reserved for that unusual situation which cries out for fundamental justice *(see, supra,* at 120; *see also, People v Litman,* 99 AD2d 573).

In our view, the extraordinary situation contemplated in the statute has not been presented. While defendant's age and alleged ill health are certainly among the factors to be considered *(see,* CPL 210.40 [1] [d]), we do not consider these factors, by themselves, sufficiently "compelling" to justify dismissal of the indictment in this case. Age in and of itself cannot give an individual carte blanche to indulge in unlawful acts. Instead, these facts would be more appropriately taken into account at sentencing than at this stage in the proceedings in the event defendant is ultimately convicted *(see, People v Surprenant,* 91 AD2d 1111, 1112). While County Court briefly touched on the other factors contained in CPL 210.40 (1), none of the court's conclusions persuade us that compelling reasons exist for dismissal in this case. For example, the court mentioned the essentially victimless nature of the contempt charges and opined that prosecution of defendant at this stage of his life would serve no purpose *(see,* CPL 210.40 [1] [a], [b], [d], [f]). However, our review of the record reveals defendant to be an individual with an extensive criminal history, including repeated incarceration, who chose to disregard a specific order of the court for the apparent purpose of thwarting an important Grand Jury investigation. The act of hindering the legal process strikes at the very heart of our system for the administration of justice *(see, People v Belkota, supra).* Therefore, it cannot be said that the dismissal of the indictment in this case will not deleteriously affect the public's confidence in our criminal justice system *(see, People v Surprenant, supra).* Accordingly, the indictment should be reinstated.

Order reversed, on the law and the facts, motion denied, indictment reinstated and matter remitted to the County Court of Albany County for further proceedings not inconsis-

tent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.