■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC DE CARR, Respondent.—

An indictment may be dismissed in furtherance of justice where there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (CPL 210.40 [1]). We have independently reviewed the factors set forth in the statute and we conclude that a dismissal of this indictment in furtherance of justice is not warranted. There is nothing in this record to demonstrate "that rare or unusual circumstance which cries out for fundamental justice" *(People v Litman,* 99 AD2d 573; *see also, People v Riccelli,* 149 AD2d 941, 942).

Burglary in the second degree, a class C felony, is a serious crime and the circumstances underlying its commission here are particularly egregious *(see,* CPL 210.40 [1] [a]). It is impossible to calculate the extent of harm caused by defendant's conduct *(see,* CPL 210.40 [1] [b]), but the prosecutor reported to the court that the victims were "highly disturbed" as a result of the crime *(see,* CPL 210.40 [1] [i]). Moreover, neither the seriousness of the crime nor the potential for harm is diminished by the fact that only $13 (twice characterized by the court as "not a serious amount") was stolen during the burglary.

The court acknowledged that the evidence of defendant's guilt "would be substantial and strong" *(see,* CPL 210.40 [1] [c]). Defendant had two prior misdemeanor convictions, the most recent of which was for driving while intoxicated. He was serving a sentence of probation and undergoing treatment for alcoholism as a consequence of that conviction. Although he was gainfully employed, and although the court looked favorably upon a continuation of defendant's rehabilitation while on probation, we find nothing in "the history, character and condition of the defendant" (CPL 210.40 [1] [d]) to justify dismissal of the indictment.

The court found no "exceptionally serious misconduct of law enforcement personnel" (CPL 210.40 [1] [e]) but noted that the People's failure to produce the witness on the "day certain" for trial was inexcusable. We agree with that observation. The prosecutor had lead time of almost two months to arrange for the presence of witnesses on the trial date. The prosecutor's failure to have notified the chief witness of the impending trial at an earlier time impeded the orderly and efficient disposition of the court's criminal case calendar. In the circumstances presented, however, the prosecutor's lack of dili-

gence in this regard should not result in dismissal of the indictment. The court was informed that the witness would be available within a reasonable time *(see, People v Foy,* 32 NY2d 473; *People v Chisholm,* 140 AD2d 534), and defendant's speedy trial rights *(see,* CPL 30.20, 30.30) would not have been implicated as a result of the requested continuance *(see, Matter of Holtzman v Goldman,* 71 NY2d 564).

Finally, we do not agree with the court's assertion that the sentence of probation previously imposed upon defendant fulfilled "any laudatory purpose and effect of imposing a sentence" *(see,* CPL 210.40 [1] [f]). That sentence was imposed for a misdemeanor conviction and bears little relationship to consequences which might result from a conviction for burglary of an occupied home in the nighttime.

In sum, we find that in dismissing the indictment, County Court abused its discretion as a matter of law. Accordingly, we conclude that the indictment must be reinstated. (Appeal from order of Monroe County Court, Egan, J.—dismiss indictment.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.