■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERTO WONG, Respondent. [642 NYS2d 396] —Crew III, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered October 3, 1995, which granted defendant's motion to dismiss the indictment.

Defendant was indicted and charged with burglary in the second degree for breaking into an occupied apartment in the City of Binghamton, Broome County, on February 28, 1995. The victim, who was asleep at the time, woke up when she heard defendant, who apparently was heavily intoxicated, rifling through her cassette tape collection. The victim yelled at defendant to leave, which he did after briefly sitting on her bed. Defendant claimed to have no memory of the incident.

Defendant initially agreed to plead guilty to attempted burglary in the second degree in exchange for, *inter alia*, a period of probation. Defendant was allowed to withdraw his guilty plea, however, after it was discovered that he had a prior felony conviction and, therefore, a prison term would be mandatory. Defendant, who has active AIDS, thereafter brought this motion pursuant to CPL 210.40 seeking dismissal of the indictment in the furtherance of justice. County Court granted the motion and dismissed the indictment. The People appeal.

We affirm. While County Court did not specifically mention all of the criteria listed for consideration of dismissal as a matter of judicial discretion (*see,* CPL 210.40), a laundry list of these factors is not required and County Court did identify several of the statutory criteria that the court found to be compelling (*cf., People v Rickert*, 58 NY2d 122, 128).

County Court considered the medical records of defendant which, in turn, clearly permitted the inference that defendant would not survive the minimum term of imprisonment called for by reason of the offense charged. However, contrary to the

People's assertion, that was not and could not constitute the sole basis for dismissal. A reading of County Court's decision makes clear that heavy emphasis was placed upon a reading of the Grand Jury minutes, which reveal that defendant was intoxicated to such a degree that he was disoriented at the scene, that the victim who discovered defendant in the house was not fearful of defendant (apparently by reason of his debilitated condition), defendant caused no physical harm to the occupants of the apartment, took nothing from the premises and, after being questioned by the victim as to why he was in her apartment, left without further incident. County Court also noted, regarding the impact of dismissal upon the safety or welfare of the community, that the People, prior to learning of defendant's predicate felony status, had consented to a plea with an agreed-upon sentence of probation. Under all of the circumstances present in the record before us, we cannot say, as a matter of law, that County Court abused its discretion by dismissing the indictment (*see, People v Sosenko*, 210 AD2d 581).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed.