■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY S. KENNARD, Appellant. [699 NYS2d 497] —Peters, J. Appeal from two judgments of the County Court of Broome County (Smith, J.), rendered May 21, 1998, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal possession of a forged instrument in the second degree.

In satisfaction of a three-count indictment, a superior court information and several uncharged crimes, defendant pleaded guilty to the crimes of burglary in the third degree and criminal possession of a forged instrument in the second degree with the understanding that he would be sentenced as a second felony offender to two *concurrent* prison terms of 3 to 6 years. Defendant was released on his own recognizance, pending sentencing, with the condition that County Court would not be bound by the sentencing commitment if he were arrested on new charges before the sentencing hearing.

Thereafter, defendant was arrested and indicted for the crime of burglary in the second degree. Having violated the conditional sentencing agreement, defendant moved, in the interest of justice, to dismiss the charges to which he had

pleaded guilty based upon his recent diagnosis of terminal cancer with a survival prognosis of six months to two years. County Court denied the motion, particularly noting that the latest burglary was committed after his cancer diagnosis. Thereafter sentenced to *consecutive* prison terms of 3 to 6 years, defendant appeals.

A court is authorized to dismiss criminal charges in the interest of justice if, upon considering the criteria set forth in CPL 210.40 and balancing the interest of the individual against those of the public, it concludes that the reasons favoring dismissal are both "real and compelling" (*People v Rickert*, 58 NY2d 122, 128; *see, People v Natarelli*, 154 AD2d 769, 770). Although we agree that defendant's ill health is among the factors to be considered (*see,* CPL 210.40 [1] [d]), we do not find this factor alone to be sufficiently compelling here to warrant a dismissal (*see, People v Natarelli, supra,* at 770). Considering the nature of defendant's present crimes, his history of violent and theft-related activity and the continuation of his criminal conduct after learning of his terminal illness, we are not persuaded that the type of extraordinary circumstances contemplated by the statute exist here (*see, id.; People v Surprenant*, 91 AD2d 1111, 1112).

Finally, since defendant clearly violated the terms of the conditional sentencing agreement, we find no basis upon which we would disturb the sentence County Court imposed (*see, e.g., People v Whittaker*, 257 AD2d 854, *lv denied* 93 NY2d 880; *People v Gianfrate*, 192 AD2d 970, *lv denied* 82 NY2d 718).

Mikoll, J. P., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgments are affirmed.