■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THUONG DOAN, Respondent. [698 NYS2d 778] —Cardona, P. J. Appeal from an order of the County Court of Broome County (Smith, J.), entered December 16, 1998, which granted defendant's motion to dismiss the indictment.

Defendant, a 22-year-old Vietnamese immigrant, began a sexual relationship with the victim when she was 14 years old resulting in the birth of a child in September 1998. According to the victim, she was sexually active prior to beginning a monogamous relationship with defendant who proposed marriage in December 1997. She further maintained that she did not have sexual relations with defendant until after she and her mother consented to the engagement.

Defendant was indicted in June 1998 for the crime of rape in the third degree. Following proceedings in Family Court which culminated in an order granting consent for the victim to marry defendant, defendant moved pursuant to CPL 210.40 to dismiss the indictment in the interest of justice. County Court granted the motion and this appeal ensued.

The People contend that County Court abused its discretion in dismissing the indictment insofar as it relied upon evidence not in the record. While the People assert that there is no evidence in this record of defendant's lack of a criminal record,

the prosecutor acknowledged in his papers in opposition to the motion that "[t]o the best of [his] knowledge the defendant has no prior criminal history" and County Court noted that in its decision. We do not find that it was improper for County Court to consider the recommendation of the victim's Law Guardian who opined that the marriage between the victim and defendant was in the victim's best interest as well as the order of Family Court consenting to the marriage. In addition, County Court took note of the desires of the victim and her mother who petitioned Family Court for the order consenting to the marriage and submitted affidavits in support of defendant's motion. County Court also considered the birth of the parties' child and the obstacle a felony conviction would present to defendant and his new family.

The record demonstrates that County Court properly examined and considered the statutory criteria which must form the basis for the exercise of judicial discretion on a motion to dismiss in the interest of justice (*see*, CPL 210.40). Although County Court should not have considered religious and cultural factors not substantiated by this record, we cannot say that the court abused its discretion in dismissing the indictment in view of the other evidence supporting the court's decision (*see*, *People v Wong*, 227 AD2d 852; *People v Sosensko*, 210 AD2d 581).

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed.