[790 NYS2d 296]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM T. SERKIZ, Respondent.

Third Department, February 24, 2005

APPEARANCES OF COUNSEL

*Gerald F. Mollen, District Attorney*, Binghamton (*Stephen D. Ferri* of counsel), for appellant.

*William C. Pelella*, Binghamton, for respondent.

## OPINION OF THE COURT

MUGGLIN, J.

Defendant, a 25-year employee in the Department of Public Works of the Town of Union, Broome County, had, in accordance with the collective bargaining agreement (hereinafter CBA) between his union and the Town, accumulated in excess of 200 days of compensable sick time. As he was contemplating retirement in the not too distant future and, as the CBA provided that he could be compensated on retirement for no more than 135 days of sick leave, he determined, as he claimed others had previously done, to "burn" excess sick days by calling in sick, although he was not. On 32 such days, between April 26, 2000 and December 14, 2000, he actually was gainfully employed by the Town of Chenango, Broome County and, thus, received wages from both municipalities on those days.

Defendant's actions had two consequences. First, the Town of Union filed a grievance and, after a hearing, an arbitrator imposed the penalty of dismissal from employment against defendant. Second, defendant was indicted by a Broome County grand jury for grand larceny in the third degree in violation of Penal Law § 155.35, for a theft of United States currency in an amount exceeding $3,000. Defendant moved to dismiss the indictment on grounds that the grand jury proceeding was defective and the evidence was legally insufficient. Defendant later supplemented his motion by asserting that the indictment should be dismissed in the interest of justice. County Court dismissed the indictment on the grounds that the grand jury proceeding was impaired and in the interest of justice and the People appeal.

Initially, we note that County Court did not address the issue of the legal sufficiency of the evidence upon which the indictment was founded. After reviewing the evidence presented to the grand jury in the light most favorable to the prosecution, we

conclude that the presentation was legally sufficient since the evidence, if unexplained and uncontradicted, would warrant conviction (*see* CPL 70.10 [1]; *People v Swamp*, 84 NY2d 725, 730 [1995]).

A grand jury proceeding that yields an indictment is defective when the proceeding fails to conform to the requirements of law (*see* CPL art 190) to such a degree that the integrity thereof is impaired and prejudice to the defendant may result (*see* CPL 210.35 [5]; *People v Spencer*, 289 AD2d 877, 877-878 [2001], *lv denied* 98 NY2d 655 [2002]). This test is stringent but does not require that actual prejudice occur to warrant dismissal (*see People v Huston*, 88 NY2d 400, 409 [1996]). Thus, because the standard is so high and dismissal such a drastic remedy, dismissal is limited to "those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*id.* at 409).

County Court concluded that the integrity of the proceeding was impaired to the required degree because the prosecutor (1) failed to present evidence in mitigation or defense of defendant's alleged conduct, (2) improperly impeded the grand jury's investigatory function, and (3) failed to submit competent evidence concerning defendant's knowledge of his employer's policies and the CBA's terms. We disagree. A Deputy Commissioner of Public Works for the Town of Union testified before the grand jury that the Town had no policy or understanding authorizing an employee to use sick days in this manner. Defendant's immediate supervisor testified in the arbitration proceeding that an employee could take sick days accumulated in excess of the maximum allowable, even if not sick, pursuant to an unwritten policy of long duration. County Court concluded that the grand jury proceeding was defective since the District Attorney made no inquiry of this witness concerning the unwritten policy. First, County Court's finding in this regard overlooks the fact that when this witness was recalled before the grand jury, he clearly testified that he never informed defendant that it was permissible to use up his excess sick time and that he never discussed with defendant a scheme of calling in sick and going to work for another municipality. Second, it is well settled that district attorneys have largely unfettered discretion in presenting a case to a grand jury and need not present evidence in mitigation or favorable to the defendant (*see People v Lancaster*, 69 NY2d 20, 25-26 [1986]).

We have examined each of the other grounds specified by County Court and find them equally lacking in terms of the in-

tegrity of the proceeding. While the inadequacies of the Town of Union with respect to its monitoring of sick time may be a fertile area for grand jury investigation, the failings of the Town of Union do not provide defendant with a complete defense nor is the integrity of the proceeding impacted by the failure of the grand jury to initiate any investigation with respect to the practices of the Town of Union. Generally, "in the absence of a specific showing of prosecutorial misconduct, fraudulent conduct or any other error potentially prejudicing the [g]rand [j]ury's ultimate decision, there is no basis for dismissing the indictment" (*People v De Vivo*, 282 AD2d 770, 772 [2001], *lv denied* 96 NY2d 900 [2001] [citations omitted]). Further, "grand jury proceedings carry a presumption of regularity," which, to overcome, requires a "showing by defendant of a particularized need or gross and prejudicial irregularity in the proceedings or some other similarly compelling reason" (*People v Lewis*, 98 AD2d 853, 854 [1983]). Here, there are none.

Turning to County Court's dismissal of the indictment in the interest of justice, we begin by recognizing that the exercise of such discretion should occur only under extraordinary and compelling circumstance in situations which cry out for fundamental justice (*see People v Rucker*, 144 AD2d 994, 994 [1988], *lv denied* 73 NY2d 926 [1989]). Although County Court identified and discussed the statutory factors contained in CPL 210.40 which must be present to support a decision to dismiss an indictment in the interest of justice, we disagree with the court's central findings and are unconvinced that any compelling factor is present which would cause the prosecution of the indictment or conviction thereunder to result in an injustice. We, therefore, conclude that the exercise of County Court's discretion was improvident. That court's belief that defendant's conduct is less serious than other forms of grand larceny in the third degree is unsupportable. Defendant's conduct harmed the tax paying community in general, not merely an individual citizen. Moreover, it cannot be reasonably claimed that defendant was simply burning up sick time as other employees had previously done. The record contains no evidence that other employees called in sick and then worked for another employer, so as to receive double compensation. In our view, this is significantly different than simply burning up sick time even though that conduct, while more difficult to prove, is equally larcenous. Thus, we conclude that the indictment should be reinstated.

PETERS, J.P., ROSE, LAHTINEN and KANE, JJ., concur.

Ordered that the order is reversed, on the law, motion denied and indictment reinstated.