■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LANCE A. MARROW, Respondent. [798 NYS2d 560]—

Lahtinen, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered June 13, 2003, which granted defendant's motion to dismiss the indictment.

Defendant was arrested in 1997 when a search of his apartment resulted in the discovery of cocaine. Since a person residing temporarily at his apartment was the primary suspect and defendant's role was viewed as minor, he was offered a plea agreement whereby he would serve no more than five years probation with four months of weekends in jail. The deal fell through when, during the plea allocution, defendant denied knowing that the individual residing at his apartment was involved in possessing and selling drugs. Defendant was then indicted for, among other things, criminal possession of a controlled substance in the first degree, a class A-I felony. He was convicted and, although County Court indicated a lesser sentence would be more appropriate, it was constrained to impose the minimum permissible jail term of 15 years to life.

We reversed based upon errors at the trial (301 AD2d 673 [2003]) and, upon remittal, defendant and the People were unable to agree to the terms of a plea. Defendant then moved to dismiss the indictment in the furtherance of justice. After conducting a hearing on the motion, County Court rendered a detailed written decision addressing each of the statutory factors (see CPL 210.40 [1]) and concluding that dismissal was appropriate. The People appeal.

We affirm. Dismissal of an indictment in the furtherance of justice is a remedy that should be sparingly employed in the limited situations where such relief is supported by compelling reasons (see People v Rickert, 58 NY2d 122, 128 [1983]; People v Kennard, 266 AD2d 718, 719 [1999], lv denied 94 NY2d 864 [1999]; People v Litman, 99 AD2d 573, 574 [1984]). Here, County Court noted its "tremendous concern" in the disparity between the initial plea offer and the subsequent minimum available sentence after conviction. The court set forth its further concern about the People's decision to go from a position that defendant had minimal involvement to one of seeking an indictment for

an A-I felony. Defendant, who is 57 years old and has serious health problems, served four years in jail before his conviction was reversed. The drug laws under which he was sentenced have been the subject of debate and some recent reform (*see* L 2004, ch 738). After the reversal, defendant was released on his own recognizance, obtained employment, enrolled in programs directed at addressing his past substance abuse problems and volunteered in community organizations. The court was convinced that defendant had adequately addressed and reformed his personal drug problem. Character witnesses appeared for defendant and the court found their testimony persuasive. County Court stated that there was "nothing to remotely suggest that the community is at risk by [defendant's] return" and observed that "it is quite plausible that [defendant] will be an asset to the community." County Court observed that, while defendant acknowledged possessing a small amount of cocaine for personal use, the evidence that he knew about the alleged larger transactions of a co-inhabitant of the apartment was circumstantial and defendant had consistently maintained his innocence in such regard. Upon review of the record, we are unpersuaded that County Court abused its discretion in finding that this case constituted a limited situation where dismissal in the furtherance of justice was warranted (*see People v Wong*, 227 AD2d 852, 853 [1996]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed.