Peters, P.J.
Defendant and a codefendant were arrested and subsequently indicted for possession or transportation of unstamped cigarettes in violation Tax Law § 1814 (c) (2) after State Police discovered over 30,000 unstamped cigarettes in a vehicle they were driving in St. Lawrence County.[1] Defendant moved to dismiss the indictment in furtherance of justice pursuant to CPL 210.40, alleging, among other things, that the Department of Taxation and Finance and the Division of State Police had a forbearance enforcement policy concerning this provision of the Tax Law *957 when Native Americans — such as himself — transported Native American manufactured cigarettes from one reservation to another within New York. In support of the motion, defendant submitted an email sent by Richard Ernst, the Department’s Deputy Commissioner, to members of the Department’s enforcement bureau which, among other things, instructed that “untaxed [N]ative American cigarettes [transported] from one reservation in [New York] to another reservation in [New York]” are not to be seized. The Department conceded that the email memorialized a policy that was in effect prior to defendant’s arrest and which remained in effect thereafter. Defendant also submitted an email from a State Police investigator documenting a nearly identical stop that occurred less than a month prior to his arrest wherein State Police, after making several phone calls, decided not to arrest him or to seize the cigarettes discovered in his vehicle. County Court ordered a Clayton hearing (see People v Clayton, 41 AD2d 204 [1973]), specifically finding that “the present policy of the . . . Department . . . and of the [Division] with respect to prosecution of unstamped cigarette charges involving alleged Native Americans” was both relevant to the resolution of the motion and required further record development.
Defendant thereafter applied for judicial subpoenas duces tecum seeking documents from the Department and the Division related to their respective enforcement of the Tax Law with respect to cigarettes produced on Native American lands. Following a hearing, County Court denied the motion. Defendant then issued and served subpoenas upon Ernst and Robert LaFountain, Captain of the Division, to compel their testimony at the Clayton hearing. The Division and the Department thereafter moved to quash the subpoenas. County Court denied the motions, and this appeal ensued.[2]
Initially, the Department and the Division argue that, in denying defendant’s application for subpoenas duces tecum on the ground of relevancy, but then subsequently upholding the subpoenas that sought to compel the testimony of Ernst and LaFountain, County Court violated the doctrine of law of the case. Even were we to find this assertion to be meritorious, this Court is neither bound nor restricted by that doctrine (see Matter of Joy v Kutzuk, 99 AD3d 1049, 1050 [2012], lv denied 20 NY3d 856 [2013]; Matter of Jonathan M., 61 AD3d 1374, 1375 [2009]; Frankel v Frankel, 158 AD2d 750, 751 [1990]).
*958 “An application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry” (Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332 [1988] [internal quotation marks, brackets and citations omitted]; accord Matter of Hogan v Cuomo, 67 AD3d 1144, 1145 [2009]). The party challenging the subpoena “bears the burden of demonstrating a lack of authority, relevancy or factual basis for its issuance” (Matter of Hogan v Cuomo, 67 AD3d at 1145; see Matter of Congregation B’Nai Jonah v Kuriansky, 172 AD2d 35, 37 [1991], appeal dismissed 79 NY2d 895 [1992]).
Here, defense counsel’s authority to issue the subject subpoenas is not disputed (see CPL 610.20 [3]). Furthermore, a factual basis for their issuance was clearly supplied by Ernst’s memo setting forth the Department’s policy of nonseizure of Native American manufactured cigarettes and the documented prior incident in which State Police neither arrested defendant nor seized the cigarettes he was transporting under nearly identical circumstances. Thus, the central issue on this appeal is whether the testimony concerning the Department’s policy and its actual enforcement is relevant to defendant’s CPL 210.40 motion.
An indictment may be dismissed in the interest of justice where there exists some real and compelling circumstance demonstrating that conviction or prosecution of the defendant would result in injustice (see CPL 210.40 [1]; People v Banks, 100 AD3d 1190, 1191 [2012], lv denied 20 NY3d 1059 [2013]; People v Marrow, 20 AD3d 682, 683 [2005]). At the time the instant charge was lodged against defendant, and at present, the tax-ability by New York of Native American manufactured cigarettes under the circumstances at play here lacked clarity. It is undisputed that the Department had a forbearance enforcement policy with respect to Native American manufactured cigarettes that are transported between reservations. Furthermore, defendant asserts that, when faced with decisions regarding the applicability and enforcement of the Tax Law to various situations involving the possession or transportation of Native American manufactured cigarettes, the Division almost uniformly deferred to the expertise of the Department and the primacy of its dealings with the Indian nations. While there can be no question that “it is the prerogative of a District Attorney to prosecute people who commit crimes,” it is equally true that “one of the reforms effected through the years in the procedure to dismiss accusatory instruments in the interest of justice was *959 to remove the power to do so from the offices of District Attorney and Attorney-General and lodge it, instead, in the courts alone” (People v Rickert, 58 NY2d 122, 131 [1983]). To be sure, the policy of the Department and the issues surrounding the Division’s actual enforcement of the Tax Law with respect to Native American manufactured cigarettes may very well be found insufficient to justify dismissal of the indictment in the interest of justice. Yet, we simply cannot say that the testimony sought on those issues “is utterly irrelevant” to the question of whether defendant’s prosecution here would be unjust (Anheuser-Busch, Inc. v Abrams, 71 NY2d at 332; see People v Rickert, 58 NY2d at 130-131 [in dismissing, in the interest of justice, criminal informations charging the defendant fathers with nonsupport of their children, the court properly considered evidence that the Department of Social Services did not regard the circumstances of the cases as deserving of even quasi-criminal action available in Family Court]).[3] Accordingly, Supreme Court properly denied the motions to quash the subpoenas.
Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

. The indictment against the codefendant was subsequently dismissed in the interest of justice.

. Inasmuch as the Department and the Division were not parties to the underlying criminal action, they may properly appeal from the order denying the motion to quash the subpoenas (see Matter of Cunningham v Nadjari, 39 NY2d 314, 317 [1976]; People v Cruz, 86 AD3d 782, 782-783 n 2 [2011]).

. Despite the contentions of the Department and the Division to the contrary, nothing prohibits County Court from considering an allegation of selective prosecution or enforcement of the Tax Law in deciding whether dismissal of the indictment is warranted in the furtherance of justice (see e.g. People v Riccelli, 149 AD2d 941, 942-943 [1989]; see generally People v Tyler, 46 NY2d 264, 266-267 [1978]).