People v Snowden (2018 NY Slip Op 02369)





People v Snowden


2018 NY Slip Op 02369


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

109212

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
JAMES SNOWDEN, Respondent.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


James R. Farrell, District Attorney, Monticello, for appellant.
Jonathan R. Goldman, Goshen, for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Schick, J.), entered January 26, 2017 in Sullivan County, which granted defendant's motion to dismiss the indictment.
In 2014, defendant and the codefendant were charged by indictment with the crimes of bribe receiving in the third degree, criminal mischief in the second degree, two counts of conspiracy in the fifth degree, three counts of official misconduct, endangering public health, safety or environment and nine counts of criminal nuisance in the second degree. The indictment alleged that defendant, who was the Code Enforcement Officer for the Village of Monticello, Sullivan County at the relevant time, and the codefendant, who was the Mayor and Acting Village Manager of the Village, executed a plan to demolish a
building that had contained asbestos without proper abatement and without the approval of the Village Board of Trustees. The indictment further alleged that defendant and the codefendant agreed with contractors to demolish the building and that, in exchange for a discounted demolition fee by the contractors, defendant and the codefendant would funnel more demolition work to them in the future.
Defendant moved to dismiss the indictment on the basis of legally insufficient evidence. County Court (LaBuda, J.) denied the motion. After the codefendant pleaded guilty to three [*2]misdemeanors in full satisfaction of the charges in the indictment,[FN1] defendant once again moved to dismiss the indictment. County Court denied defendant's second motion. On the eve of trial, in January 2017, defendant moved under CPL 210.40 to dismiss the indictment in the furtherance of justice. Supreme Court granted the motion and the People now appeal.
When pressed with a motion to dismiss in the furtherance of justice, a court must examine and consider the various factors delineated in CPL 210.40 in an individual and collective fashion (see People v Jenkins, 11 NY3d 282, 287 [2008]). "An indictment should only be dismissed in the interest of justice where there is some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would constitute or result in injustice" (People v Banks, 100 AD3d 1190, 1191 [2012] [internal quotation marks, ellipsis and citations omitted], lv denied 20 NY3d 1059 [2013]; see People v Natarelli, 154 AD2d 769, 770 [1989]). A court's discretionary power to dismiss an indictment pursuant to CPL 210.40 should be "exercised sparingly" (People v Wright, 278 AD2d 820, 820 [2000] [internal quotation marks and citation omitted], lv denied 96 NY2d 789 [2001]; see People v Harmon, 181 AD2d 34, 36 [1992]; People v Litman, 99 AD2d 573, 574 [1984]).
As an initial matter, we reject the People's assertion that Supreme Court's failure to conduct a hearing on defendant's motion requires reversal. The People were provided with notice of defendant's written motion and they submitted an opposition addressing the arguments therein (compare People v Dolan, 184 AD2d 892, 893 [1992]; People v Trottie, 47 AD2d 751, 751 [1975]). Supreme Court had the benefit of the grand jury minutes in reaching its ultimate determination and its written decision reflects a weighing and thorough discussion of the requisite factors as set forth in CPL 210.40. Under these particular circumstances and given that the record was sufficiently developed, we cannot say that the People were prejudiced by the fact that Supreme Court summarily decided defendant's motion without a hearing.
Turning to the merits, our review of the record discloses that some factors certainly militate in favor of defendant — his lack of a criminal record or history of misconduct and the fact that he was removed from his position as the Code Enforcement Officer for the Village. They are, however, not wholly dispositive in this case (see People v Marshall, 106 AD3d 1, 11-12 [2013], lv denied 21 NY3d 1006 [2013]; People v Belkota, 50 AD2d 118, 121-122 [1975]). Furthermore, although we do not share Supreme Court's conclusion that the proof against defendant was "extremely tenuous" and note that defendant unsuccessfully moved twice to dismiss the indictment on legal insufficiency grounds, even accepting such proposition, we find that the court improvidently exercised its discretion in granting defendant's motion inasmuch as this case does not present "extraordinary and compelling circumstance[s] . . . which cry out for fundamental justice" (People v Serkiz, 17 AD3d 28, 31 [2005]; see People v Kennard, 266 AD2d 718, 719 [1999], lv denied 94 NY2d 864 [1999]; People v Pittman, 228 AD2d 225, 226 [1996], lv denied 88 NY2d 992 [1996]; People v Natarelli, 154 AD2d at 770).
Supreme Court found that the allegations raised against defendant were serious (see CPL 210.40 [1] [a]). We do not, however, share the court's view that it was unclear from the record that there was no harm to the environment or to individuals in the vicinity of the demolished building (see CPL 210.40 [1] [b]). The record evidence demonstrates that due to the demolition, the asbestos — a legislatively-recognized carcinogenic agent (see 12 NYCRR 56-1.2 [*3][a]) — became friable, meaning that it could crumble and create a dust. More to the point, the record evidence reveals that not only did the dust that was created as a consequence of the demolition lead to the stopping of nearby traffic, workers associated with the demolition were exposed to it. Indeed, one worker stated that, based on his experience as a contractor, he believed that asbestos was present.
We also find that Supreme Court incorrectly assessed that dismissing the indictment would have a minimal impact upon the confidence of the public in the criminal justice system (see CPL 210.40 [1] [g]) inasmuch as permitting a public servant to elude prosecution for an alleged abuse of his or her position's power cannot be said to foster public confidence (cf. People v Surprenant, 91 AD2d 1111, 1112 [1983]). Moreover, the mere fact that the codefendant pleaded guilty does not affect or trivialize the allegations against defendant. While Supreme Court also noted the minimal press coverage regarding this incident and the lack of a public outcry demanding a trial of defendant, the record does not contain evidence to support these findings nor did defendant argue in his motion that the community was indifferent to the People's case against him. In any event, such facts are not necessarily reflective of the public's sentiment as to whether the indictment should be dismissed (see CPL 210.40 [1] [i]).
We do not agree with Supreme Court that imposing an authorized sentence upon defendant "would serve absolutely no purpose" had he been tried and convicted of the charged crimes (see CPL 210.40 [1] [f]). To the contrary, deterring individuals from committing a similar crime in the future is a goal served by sentencing a defendant who has been convicted of a crime (see People v Broadie, 37 NY2d 100, 115 [1975], cert denied 423 US 950 [1975]). In sum, viewing the requisite factors "individually and collectively" (CPL 210.40 [1]) and taking into account the absence of any compelling circumstances, defendant's motion should have been denied (see People v Serkiz, 17 AD3d at 31; People v Litman, 99 AD2d at 574; People v Andrew, 78 AD2d 683, 683 [1980]; compare People v Mitchell, 99 AD2d 609, 610 [1984]).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, and motion denied.



Footnotes

Footnote 1: The codefendant was removed from public office by this Court (Matter of Greco v Jenkins, 127 AD3d 1269, 1274 [2015], lv dismissed and denied 25 NY3d 1037 [2015]).