People v Crute (2025 NY Slip Op 02374)

People v Crute

2025 NY Slip Op 02374

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CR-23-1620
[*1]The People of the State of New York, Respondent,
v
Shakia J. Crute, Appellant.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Matthew E. Minnifield, Albany, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered August 4, 2023, convicting defendant upon her plea of guilty of the crimes of hindering prosecution in the second degree and endangering the welfare of a child.
In February 2019, defendant's 11-year-old son died while in the care of her then-boyfriend, Larry Harris, and defendant was initially charged by felony complaint with manslaughter in the second degree. On April 24, 2019, Harris was arrested and charged with the murder of the child. Thereafter, defendant was charged in a felony complaint with hindering prosecution in the second degree and endangering the welfare of a child. These charges stemmed from misleading and false statements defendant made to investigators during the initial investigation by law enforcement into the death of her son. In May 2019, defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging her with hindering prosecution in the second degree and endangering the welfare of a child. In exchange for her testimony before the grand jury and agreement to cooperate and testify truthfully at the ensuing trial of Harris, defendant was permitted to plead guilty, in full satisfaction of all charges against her, to the charges contained in the SCI, and was released pending sentencing.
In 2021, defendant testified for the People at the trial of Harris, who was found guilty of manslaughter in the first degree. Thereafter, having yet to be sentenced, defendant moved to dismiss the charge of hindering prosecution in the second degree in furtherance of justice pursuant to CPL 210.40, alleging, among other reasons, that dismissal was warranted due to her status as a victim of domestic violence, the absence of any prior criminal history, her efforts since her guilty plea at becoming a productive member of society and her undisputed cooperation with the People in the successful prosecution of Harris. In a March 2023 decision and order, County Court, after analyzing the statutory factors, denied the motion without a hearing, finding that defendant's conduct in this case was exceedingly serious because her misleading statements to law enforcement could have prevented the prosecution of Harris and went directly to the integrity of the justice system. In August 2023, as contemplated by the plea agreement, defendant was sentenced to time served, with five years of probation, for her conviction of hindering prosecution in the second degree and to a lesser concurrent term of probation for her conviction of endangering the welfare of a child.
Defendant appeals, contending that County Court abused its discretion in denying her CPL 210.40 application. We discern no basis for reversal. "In deciding a motion to dismiss an indictment [or SCI] in the interest of justice, a court must strike a sensitive balance between the individual and the State interests to determine whether the ends of justice are served [*2]by dismissal of the indictment [or SCI]" (People v Jenkins, 11 NY3d 282, 287 [2008] [internal quotation marks and citations omitted]). "Such a value judgment hinges on the production of facts in the possession of the prosecution and the defendant" (id. [internal quotation marks, brackets and citation omitted]). When ruling upon a motion to dismiss in the furtherance of justice, a court must examine and consider the various factors delineated in CPL 210.40 (a)-(j) in an individual and collective fashion (see id.; People v Snowden, 160 AD3d 1054, 1055 [3d Dept 2018]). "An indictment [or SCI] should only be dismissed in the interest of justice where there is some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would constitute or result in injustice" (People v Banks, 100 AD3d 1190, 1191 [3d Dept 2012] [internal quotation marks, ellipsis and citations omitted], lv denied 20 NY3d 1059 [2013]; see People v Natarelli, 154 AD2d 769, 770 [1989]), and a court's discretionary power to dismiss an indictment pursuant to CPL 210.40 should be "exercised sparingly" (People v Wright, 278 AD2d 820, 820 [4th Dept 2000] [internal quotation marks and citations omitted], lv denied 96 NY2d 789 [2001]).
In its written decision, County Court thoroughly examined each of the requisite statutory factors and found that, although defendant's lack of a criminal history was a factor in her favor, and that she was a victim of domestic violence, the remaining factors either did not apply or weighed against granting her motion. In particular, the court emphasized the seriousness of defendant providing misleading statements to law enforcement during their initial investigation into the death of her child and how her conduct impaired the administration of the justice system. The court also highlighted how defendant and her counsel obtained a favorable plea that avoided any term of incarceration. Given the foregoing, we cannot say that County Court abused its discretion in denying the motion. Finally, we discern no grounds upon which to reduce defendant's sentence of probation, and we decline to exercise our interest of justice jurisdiction to do so (see CPL 470.15 [6] [b]).
Egan Jr., J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.